DETERMINED IN THE

# FIRST DEPARTMENT

AT

## GENERAL TERM

### November, 1891.

---

HELEN PHILLIPS AND LEWIS SCHOONMAKER, APPEL-
LANTS, *v.* JACOB LINDNER, RESPONDENT.

*Evidence — letter relating to the forgery of a note, written by the maker to the alleged
indorser after its negotiation to a* bona fide *holder.*

In an action upon a promissory note the indorser defended upon the ground that
his signature thereto had been forged by his son, who was the maker. The
defendant, under objection and exception, was allowed to prove a letter from
the son to the father, written a month after the note had been negotiated to a
*bona fide* holder for value, in which the son confessed the forgery.
*Held,* that its admission was erroneous.

APPEAL by the plaintiffs, Helen Phillips and Lewis Schoonmaker,
from a judgment, entered in the office of the clerk of the city and
county of New York on the 26th day of January, 1891, upon a
verdict for the defendant Jacob Lindner, after a trial at the New
York Circuit before the court and a jury; also from an order,
entered in said clerk's office on the 15th day of January, 1891,
denying the plaintiff's motion for a new trial.

The action was brought to recover the amount of a promissory
note of which the plaintiffs were *bona fide* holders for value.

*E. L. Mooney,* for the appellants.

*W. C. Kellogg,* for the respondent.

Van Brunt, P. J. :

This action was brought to recover upon a promissory note made by one George J. Lindner to the order of one George Morell, and indorsed by said Morell and claimed to have been indorsed by the respondent Jacob Lindner. The sole defense of said Jacob Lindner was that his alleged indorsement of the note was a forgery.

Upon the trial of this action, the plaintiff gave certain evidence tending to prove that the indorsement upon the note in question was made by the defendant Jacob Lindner.

The respondent denied that the indorsement upon the note was his signature, and endeavored to show that it had been forged by his son, the maker of the note.

Among other evidence which was introduced to support this claim was a letter to him dated about a month before the note fell due, purporting to have been written by his son admitting the forgery. The introduction of this letter was objected to as incompetent, immaterial and irrelevant, and as not binding upon the plaintiff, and hearsay evidence. These objections were overruled, the letter admitted in evidence and exception taken.

This seems to have been clearly error. We are referred to the case of *Smith* v. *National Benefit Society* (123 N. Y., 85), as supporting this ruling; but an examination of that case shows that it has no application whatever to the one at bar. The question involved in that case was as to whether insurance was obtained resulting from a preconceived design to defraud the insurance company, and acts and declarations of the party insured were admitted for the purpose of establishing that intent. In the case at bar no such issue whatever was presented, no question of intent was involved. It was a question of fact as to whether the defendant had or had not indorsed this note.

The other case (*Magee* v. *Osborn,* 32 N. Y., 669), has not the slightest application to the question presented by the exception under consideration.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

Daniels and Ingraham, JJ., concurred.